# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JIMMY LEE NELSON,

    *Petitioner*,

vs.

ATTORNEY GENERAL, *et al.*,

    *Respondents.*

3:06-cv-00129-LRH-VPC

ORDER

    This closed habeas matter under 28 U.S.C. § 2254 comes before the Court on petitioner's motion (#56) to reopen, petitioner's motions (## 57, 62 & 66) for the appointment of substitute counsel, the Federal Public Defender's motion (#65) to withdraw as counsel, and petitioner's motion (#58) to raise his copy credit limit.

    The Court will grant the Federal Public Defender's motion to withdraw and will appoint a panel attorney as substitute counsel to investigate and potentially pursue the issues raised on petitioner's motion to reopen. In the interim, as an administrative matter, the Court will deny the *pro se* motion to reopen by the represented petitioner without prejudice to the filing of a counseled motion for post-judgment relief by substitute counsel. The May 29, 2012, mailing date of the present motion to reopen will be deemed the constructive date of filing of the counseled motion with regard to any timeliness challenge raised as to the counseled motion to the extent that the motion is based upon substantially the same grounds as the *pro se* motion.

    Petitioner's motion to raise his copy credit limit will be denied. The appointment of substitute counsel in large measure moots the motion. Moreover, the Court does not grant boilerplate blanket requests for a copy credit increase. An inmate seeking a copy credit increase must present a relatively

recent written response from the institution reflecting that the inmate's copy credit limit has been reached, and he further must show a particularized need for a copy credit increase in a specified amount.

IT THEREFORE IS ORDERED that the Federal Public Defender's motion (#65) to withdraw as counsel is GRANTED and that the Federal Public Defender, appearing through Debra A. Bookout, Esq., is WITHDRAWN as counsel.

IT FURTHER IS ORDERED that petitioner's motions (## 57, 62 & 66) seeking the appointment of substitute counsel are GRANTED to the extent consistent with the remaining provisions of this order.  Given the withdrawal of the Federal Public Defender, the CJA Coordinator shall proceed directly to the identification of a panel attorney to represent petitioner in connection with the investigation and possible filing of a motion for post-judgment relief.  Once the CJA Coordinator has identified a panel attorney, the Coordinator shall contact the staff attorney assigned to the case, who then will draft an appointment and scheduling order for the Court's review tailored to the procedural posture of the case.

IT FURTHER IS ORDERED that petitioner's *pro se* motion (#56) is DENIED without prejudice to the filing of a counseled motion for post-judgment relief by substitute counsel and subject to the proviso in the text of this order regarding the deemed constructive filing date of the counseled motion if the timeliness of the motion is challenged.

IT FURTHER IS ORDERED that petitioner's motion (#58) to raise his copy credit limit is DENIED on the showing made.

This matter remains closed, pending consideration of a post-judgment motion by new counsel.

The Clerk shall send a copy of this order to previously-existing counsel, to the *pro se* petitioner by United States mail, and to the CJA Coordinator for this Division.  The docket entry for this order shall show the transmittal to the *pro se* petitioner in the same manner as the docket entry for #61.

DATED this 28th day of January, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE