# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JIMMY LEE NELSON,

    *Petitioner*,

vs.

ATTORNEY GENERAL, *et al.*

    *Respondents*.

3:06-cv-00129-LRH-VPC

ORDER

    The Court enters this appointment and scheduling order in this habeas matter following upon the CJA Coordinator's identification of a panel attorney as replacement counsel.

    In establishing a deadline for a counseled motion to reopen, the Court takes into account that the Supreme Court granted a petition for a writ of *certiorari* in *McQuiggin v. Perkins*, 133 S.Ct. 527 (2012), raising the question of whether the federal one-year limitation period may be avoided on a showing of actual innocence. Oral argument in *McQuiggin* currently is scheduled for February 25, 2013, and a decision likely will be issued no later than the end of the term on June 30, 2013.

    In the present case, petitioner has alleged in proper person that prior federal habeas counsel failed to investigate and pursue an argument seeking to avoid the time bar based on alleged actual innocence. Petitioner's effort to reopen the matter questions prior counsel's actions at a different time and thus necessarily under different precedent. However, it nonetheless would be preferable to have the benefit of the Supreme Court's *McQuiggin* decision in litigating and adjudicating any counseled motion to reopen. The Court therefore will set a deadline of July 31, 2013, for petitioner to file a counseled motion to reopen and/or for other appropriate relief. This interval additionally should provide counsel ample time to review the case file and investigate petitioner's allegations.

The Court will direct the Clerk to regenerate notices of electronic filing of prior filings herein so that replacement counsel will have access to the prior federal record. These filings include, *inter alia*, copies of the state court record exhibits and medical records presented by prior federal habeas counsel. Counsel should cite to such existing materials as they are pertinent to any relief sought by petitioner, without the need for filing duplicates of materials that already are in the federal record. If substitute counsel files any additional exhibits herein, counsel shall comply with the provisions set forth below regarding the manner of filing such exhibits.

The Court reiterates that the May 29, 2012, mailing date of the proper person motion to reopen will be deemed the constructive date of filing of the counseled motion with regard to any timeliness challenge raised as to the counseled motion to the extent that the motion is based upon substantially the same grounds as the proper person motion. See #67, at 1. Nothing in this order precludes any party from seeking appropriate relief prior to the July 31, 2013, deadline.

IT THEREFORE IS ORDERED that **Mary Lou Wilson, Esq., 337 Marsh Avenue, Reno, NV 89509, (775) 337-0200**, a Criminal Justice Act panel attorney in this District, is appointed as counsel for petitioner pursuant to 18 U.S.C. § 3006A(a)(2)(B). Counsel will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that petitioner shall have until up to and including **July 31, 2013**, within which to file a counseled motion to reopen and/or for other appropriate relief. Respondents shall have **thirty (30) days** from service of the motion to file a response, and petitioner thereafter shall have **fourteen (14) days** from service of the response to file a reply. Any motions for extension or other collateral relief in anticipation of a motion to reopen will be subject to the standard response and reply times under the local rules. Discovery may be pursued only with leave of court first obtained pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

IT FURTHER IS ORDERED that the Clerk of Court, upon request by newly appointed counsel, shall provide counsel with copies of those items in the federal record requested by counsel, by regenerated notices of electronic filing or other method convenient for the Clerk.

////

1   IT FURTHER IS ORDERED that any further exhibits filed herein by any party shall be filed
2   with a separate index of exhibits identifying the exhibits by number and presenting any state court
3   record exhibits included therein in chronological order. Exhibits shall be filed as CM/ECF attachments
4   to docket entries, each docket entry and attachment shall identify the exhibit(s) included therein, and
5   as many such exhibits/attachments shall be included under each single docket entry as is technically
6   feasible. Attachments, however, permissibly may consist of only one exhibit. *Cf.* ## 20-27. The
7   purpose of this provision is so that the Court and any reviewing court thereafter will be able to
8   determine from the face of the electronic docket sheet which exhibits are filed in which attachments.
9   In addition to serving counsel, the Clerk shall send a copy of this order to the CJA Coordinator
10  and to the petitioner in proper person by mail, noting said transmittal in the docket entry for this order.
11  DATED this 6th day of February, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE