UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JIMMY LEE NELSON,<br><br>                        Petitioner,<br>    v.<br>NEVADA ATTORNEY GENERAL, et al.,<br><br>                        Respondents. | Case No. 3:06-cv-00129-LRH-VPC<br><br>ORDER |

This court dismissed Nevada state prisoner Jimmy Lee Nelson's habeas corpus petition with prejudice in October 2007, and judgment was entered (ECF Nos. 38, 39). Almost twelve years later, Nelson has filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure as well as a motion for appointment of counsel (ECF Nos. 79, 80). The motions are denied.

Rule 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6). A motion under subsections (b)(4-6) must be brought "within a reasonable time." Fed.R.Civ.P. 60(c)(1).

Here, the Ninth Circuit Court of Appeals affirmed this court's dismissal of the petition in October 2009 (ECF No. 50). In June 2014, this court considered Nelson's previous Rule 60(b) motion (ECF No. 78). The court allowed the Federal Public Defender to withdraw and appointed substitute counsel to investigate and possibly pursue the issues Nelson raised. Substitute counsel ultimately filed a notice stating that

1

"[i]nvestigation has been completed in this case and at this time counsel will not be reopening this case" (ECF No. 74, pp. 1-2) In its order denying the motion, the court discussed Nelson's assertions of actual innocence at length and concluded that they were baseless (ECF No. 78). The court emphasized that "all other requests for relief asserted herein by petitioner in proper person seeking to reopen the matter [are denied], with this order constituting a conclusive and final denial of relief under Rule 60(b) with regard to the October 31, 2007 final judgment." *Id.* at 10. The court also granted Nelson's request to terminate substitute, stating that it would not appoint further replacement counsel. The court observed "[c]urrent counsel has fully discharged her obligations in the matter, and no competent counsel would pursue the matter further based on the record and the self-serving assertions presented." *Id.* at 9.

Nelson's new motion for relief from judgment merely claims, with no elaboration, that there was "provable fraud on the court 21 years ago" and that the prosecutor presented false and misleading evidence (ECF No. 79). These bare, vague assertions provide no basis for Rule 60(b) relief. The court also declines to appoint counsel. The motions are both denied.

**IT IS THEREFORE ORDERED** that petitioner's motion pursuant to FRCP 6(b) (ECF No. 79) and motion for appointment of counsel (ECF No. 80) are both **DENIED** as set forth in this order.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

DATE this 8th day of July, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE